**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JAMES L. HANCE, Individually, and
LEA HANCE, as his Spouse,

       Plaintiffs,

v.

UNITED STATES OF AMERICA,

       Defendant.

**COMPLAINT**

Civil No.: 8:17-CV-0866 (FJS/DJS)

## COMPLAINT

Plaintiffs, James L. Hance, Individually, and Lea Hance, as his spouse, by and through their attorneys, Cherundolo Law Firm, PLLC, bring this Complaint against the Defendant United States of America, by and through its agents, officers and/or employees.

## INTRODUCTION

1. The medical malpractice alleged in this action relates to the negligence, carelessness and recklessness of the Syracuse Veterans Affair Medical Center, by and through its agents, officer and/or employees, concerning the care and treatment provided to Plaintiff James L. Hance from July 9, 2015, through July 12, 2015. Specifically, the medical malpractice in this action relates to the medical care and treatment and other services provided on behalf of the Syracuse Veterans Affairs Medical Center through its agents, officers and/or employees, particularly Ibrahim Katerji, MD, Andreea Nitu-Marquise, MD, William Marx, DO, Christine Herb, FNP, Joanne M. Ford, RN, Michael A. Ocasio, RN, Julie A. Winland, RN, Mark Rienhardt, RN, Brandy L. Lazarus, RN, Tammie L. MacDaniels, RN, Dorin Laufer, SW, and Tony L. Pate, RN.

1

2. The negligent, careless and reckless actions of the Defendant, by and through its agents, officer and/or employees at the Syracuse Veterans Affair Medical Center caused the Plaintiff James L. Hance's original skin grafts to fail, he developed infections to his burn sites, he was forced to undergo multiple excision, debridement and further skin grafts, autografting, xenografting, loss of range of motion in his hands, an Integra placement, additional surgical procedures, additional care and treatment, extensive scarring, extensive rehabilitation, loss of motor skills, and otherwise caused to sustain serious and permanent disabling injuries, significant conscious pain and suffering, severe mental anguish and distress, loss of enjoyment of life, depression, restricted his ability to perform daily activities of life and the likelihood of additional surgical procedures in the future. Plaintiff James L. Hance's injuries, pain and suffering was the direct and foreseeable result of the negligent acts and/or omissions of the Defendant by and through its agents, officers and/or employees.

## PARTIES

3. At all times hereinafter mentioned, Plaintiff James L. Hance, was and is an individual residing at P.O. Box 26, Canton, New York 13617.

4. At all times hereinafter mentioned, Plaintiff Lea Hance, was and is an individual residing at P.O. Box 26, Canton, New York 13617.

5. At all times hereinafter mentioned, and during the course of the events alleged herein, the Plaintiffs James L. Hance and Lea Hance were lawfully married, and lived and continue to live together as husband and wife in the town of Canton, St. Lawrence County, State of New York 13617.

6. Upon information and belief, the Defendant is as follows: UNITED STATES OF AMERICA, by and through its agents, officers, and/or employees described herein.

7.  Upon information and belief, the United States Department of Veterans Affairs, was and is a federal entity with a medical facility located and operated at 800 Irving Avenue, Syracuse, New York 13210, known as the Syracuse Veterans Affairs Medical Center.

8.  Upon information and belief, the Syracuse Veterans Affairs Medical Center is a hospital owned, funded and/or operated by the Defendant United States of America and/or the United States Department of Veterans Affairs.

9.  Upon information and belief, the Syracuse Veterans Affairs Medical Center's agents, officers and/or employees, including Ibrahim Katerji, MD, Andreea Nitu-Marquise, MD, William Marx, DO, Christine Herb, FNP, Joanne M. Ford, RN, Michael A. Ocasio, RN, Julie A. Winland, RN, Mark Rienhardt, RN, Brandy L. Lazarus, RN, Tammie L. MacDaniels, RN, Dorin Laufer, SW, and Tony L. Pate, RN, are all duly licensed to practice medicine and/or nursing and/or social work in the State of New York and are supported in their respective practices by virtue of funding from the Defendant United States of America and/or the United States Department of Veterans Affairs.

10. Upon information and belief, from July 9, 2015, through July 12, 2015, the Plaintiff James L. Hance, sought and received medical care and treatment from the Syracuse Veterans Affairs Medical Center by and through its agents, officers and/or employees, including but not limited to: Ibrahim Katerji, MD; Andreea Nitu-Marquise, MD; William Marx, DO; Christine Herb, FNP; Joanne M. Ford, RN; Michael A. Ocasio, RN; Julie A. Winland, RN; Mark Rienhardt, RN; Brandy L. Lazarus, RN; Tammie L. MacDaniels, RN; Dorin Laufer, SW; and Tony L. Pate, RN.

11. Upon information and belief, Ibrahim Katerji, MD, is an agent, officer and/or employee of the Syracuse Veterans Affairs Medical Center and practiced at such facility within

the scope of his employment as a physician between July 9, 2015, through July 12, 2015, and provided care to the Plaintiff James L. Hance.

12. Upon information and belief, Andreesa Nitu-Marquise, MD, is an agent, officer and/or employee of the Syracuse Veterans Affairs Medical Center and practiced at such facility within the scope of her employment as a physician between July 9, 2015, through July 12, 2015, and provided care to the Plaintiff James L. Hance.

13. Upon information and belief, William Marx, DO, is an agent, officer and/or employee of the Syracuse Veterans Affairs Medical Center and practiced at such facility within the scope of his employment as a physician between July 9, 2015, through July 12, 2015, and provided care to the Plaintiff James L. Hance.

14. Upon information and belief, Christine Herb, FNP, is an agent, officer and/or employee of the Syracuse Veterans Affairs Medical Center and practiced at such facility within the scope of her employment as a family nurse practitioner between July 9, 2015, through July 12, 2015, and provided care to the Plaintiff James L. Hance.

15. Upon information and belief, Joanne M. Ford, RN, is an agent, officer and/or employee of the Syracuse Veterans Affairs Medical Center and practiced at such facility within the scope of her employment as a registered nurse between July 9, 2015, through July 12, 2015, and provided care to the Plaintiff James L. Hance.

16. Upon information and belief, Michael A. Ocasio, RN, is an agent, officer and/or employee of the Syracuse Veterans Affairs Medical Center and practiced at such facility within the scope of his employment as a registered nurse and/or charge nurse between July 9, 2015, through July 12, 2015, and provided care to the Plaintiff James L. Hance.

17. Upon information and belief, Julie A. Winland, RN, is an agent, officer and/or employee of the Syracuse Veterans Affairs Medical Center and practiced at such facility within the scope of her employment as a registered nurse between July 9, 2015, through July 12, 2015, and provided care to the Plaintiff James L. Hance.

18. Upon information and belief, Mark Rienhardt, RN, is an agent, officer and/or employee of the Syracuse Veterans Affairs Medical Center and practiced at such facility within the scope of his employment as a registered nurse between July 9, 2015, through July 12, 2015, and provided care to the Plaintiff James L. Hance.

19. Upon information and belief, Brandy L. Lazarus, RN, is an agent, officer and/or employee of the Syracuse Veterans Affairs Medical Center and practiced at such facility within the scope of her employment as a registered nurse between July 9, 2015, through July 12, 2015, and provided care to the Plaintiff James L. Hance.

20. Upon information and belief, Tammie L. MacDaniels, RN, is an agent, officer and/or employee of the Syracuse Veterans Affairs Medical Center and practiced at such facility within the scope of her employment as a registered nurse between July 9, 2015, through July 12, 2015, and provided care to the Plaintiff James L. Hance.

21. Upon information and belief, Dorin laufer, SW, is an agent, officer and/or employee of the Syracuse Veterans Affairs Medical Center and practiced at such facility within the scope of her employment as a social worker between July 9, 2015, through July 12, 2015, and provided care to the Plaintiff James L. Hance.

22. Upon information and belief, Tony L. Pate, RN, is an agent, officer and/or employee of the Syracuse Veterans Affairs Medical Center and practiced at such facility within

the scope of his employment as a registered nurse between July 9, 2015, through July 12, 2015, and provided care to the Plaintiff James L. Hance.

23. Upon information and belief, and at all times relevant to this action, each of the aforementioned individuals were acting within the scope of their employment with the Syracuse Veterans Affairs Medical Center, and were so acting with the full knowledge and consent of each other.

## JURISDICTION AND VENUE

24. This Court has jurisdiction of this action by virtue of the Federal Tort Claims Act 28 U.S.C. § 1346(b), *et. seq.*, and 28 U.S.C. §2671, *et. seq.*, pursuant to 28 U.S.C. § 1402(b). Jurisdiction is further conferred pursuant to 42 U.S.C. § (g)-(n), and pursuant to the Public Service Acts of 1992 and 1995.

25. Venue in this matter is properly set in the United States District Court of the Northern District of New York, as that is the District within which the Plaintiffs reside, the District within which the Defendant's acts, omissions or other events, by and through its agents, officers and/or employees, which gave rise to Plaintiffs' claim occurred and where the Syracuse Veterans Affairs Medical Center is located.

26. Upon information and belief, all of the injuries and complications suffered by Plaintiff James L. Hance that are alleged to have been caused by the negligence and medical malpractice of the Defendant, by and through its agents, officers and/or employees as set forth herein, occurred within the Northern District of New York.

## ADMINISTRATIVE TORT CLAIM

27. Pursuant to 28 U.S.C. § 2401(b), Plaintiffs duly and timely filed an Administrative Tort Claim (Claim Form #95) in the standard form as prescribed by the Department of Justice for

the events and incidents described herein. The aforesaid Administrative Tort Claim dated May 25, 2016, was filed and served upon Richard S. Hartman Esq., assistant U.S. Attorney for the Northern District of New York, Joseph G. Moreno, Esq., Regional Counsel for the Department of Veterans Affairs, Georgette Gonzalez-Snyder, Esq., Regional Counsel for the US Department of Veterans Affairs, Neil Nulty, Esq., Regional Counsel for the VA Medical Center, and Eric. C. Holder, Jr., Esq., United States Attorney General (A copy of the Claim is attached hereto as Exhibit "1") (Copies of the proofs of service are attached hereto and marked collectively as Exhibit "2")

28. By letter dated March 3, 2017, the United States Department of Veterans Affairs denied the claim to substantiate Plaintiffs' losses, and stated that counsel could file suit in accordance with the Federal Tort Claims Act, sections 1346(b) and 2671-2680 title 28, United States Code (which provides that tort a claim that is administratively denied may be presented to a Federal District Court for judicial consideration within six (6) months of the date of denial). Plaintiffs have exhausted all administrative remedies, and now bring this action within the six-month time limitation as provided under Federal Torts Claims Act, 28 § U.S.C. 2401(b). (A copy of the March 3, 2017, letter is attached hereto as Exhibit "3").

## FACTUAL ALLEGATIONS AND BACKGROUND

29. Plaintiffs hereby repeat and reallege the allegations set forth in Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. Upon information and belief, on or about May 29, 2015, Plaintiff James L. Hance was victim of an oil drum explosion causing severe burns to his torso, upper extremities and lower extremities.

31. Upon information and belief, Plaintiff was admitted and a patient at University of Vermont Medical Center from May 29, 2015, through July 9, 2015.

32. Upon information and belief, Plaintiff underwent extensive treatment for his significant burn injuries at University of Vermont Medical Center, including but not limited to skin grafting of both his upper and lower extremities, extensive debridement, and excision.

33. Upon information and belief, Plaintiff was transferred on July 9, 2015, from the University of Vermont Medical Center to the Syracuse Veterans Affairs Medical Center for further care and treatment of his significant burn injuries.

34. Upon information and belief, Plaintiff presented to the Syracuse Veterans Affairs Medical Center on July 9, 2015, with severe burn injuries to both his upper and lower extremities, which were dressed with Xeroform and band net placement, and was in significant pain.

35. Upon information and belief, Syracuse Veterans Affairs Medical Center is an entity, division and/or otherwise controlled by the United States Department of Veterans Affairs, and as such, has received funding from the Federal Government and thus is subject to the Federal Tort Claims Act.

36. Upon information and belief, Plaintiff was seen, evaluated and treated at the Syracuse Veterans Affairs Medical Center for his significant burn injuries by Ibrahim Katerji, MD, Andreea Nitu-Marquise, MD, William Marx, DO, Christine Herb, FNP, Joanne M. Ford, RN, Michael A. Ocasio, RN, Julie A. Winland, RN, Mark Rienhardt, RN, Brandy L. Lazarus, RN, Tammie L. MacDaniels, RN, Dorin Laufer, SW, and Tony L. Pate, RN. from July 9, 2015 until his transfer and/or discharge to SUNY Upstate Burn Center on July 12, 2015.

37. Upon information and belief, Christine Herb, FNP, on July 9, 2015, ordered that the Plaintiff be showered daily with gentle rubbing, that the burn area on his back and lower

extremities would be covered with bacitracin and BUE with Vaseline and APD pads, and for daily (or twice daily) dressing changes.

38. Upon information and belief, on at least one occasion, and in accordance with Family Nurse Practitioner Christine Herb's Order, Plaintiff was instructed to shower by agents, officers and/or employees of Syracuse Veterans Affairs Medical Center and did shower.

39. Upon information and belief, on July 9, 2015, Tony L. Pate, RN, provided care and treatment to Plaintiff's injuries by covering certain burn sites and/or wounds with bacitracin and "fluff".

40. Upon information and belief, on July 10, 2015, and continuing through July 12, 2015, Plaintiff Lea Hance assumed a significant portion of the care of Plaintiff James L. Hance, including the changing of dressing, at the direction of agents, officers and/or employees of the Syracuse Veterans Affairs Medical Center, and used the medical supplies provided by agents, officers and/or employees of the Syracuse Veterans Affairs Medical Center.

41. Upon information and belief, on at least one occasion when Plaintiff Lea Hance was not present at the Syracuse Veterans Affairs Medical Center her husband's dressings went unchanged.

42. Upon information and belief, on July 12, 2015, Julie A. Winland, RN, treated Plaintiff's injuries by applying bacitracin and covering the burn site with "fluffies".

43. Upon information and belief, from July 9, 2015, through July 12, 2015, "fluffies" and/or nonsterile pads with surgical tape were consistently provided and applied to Plaintiff's burn sites during the process of changing Plaintiff's dressings by agents, officers and/or employees of the Syracuse Veterans Affairs Medical Center or by Plaintiff's wife at the direction of agents, officers and/or employees of the Syracuse Veterans Affairs Medical Center.

44. Upon information and belief, on July 12, 2015, during the process of changing Plaintiff's dressings "fluffies" were stuck to his back which his wife attempted to remove by moistened gauze causing severe pain, shaking and screaming to the Plaintiff James L. Hance and extreme emotional distress to the Plaintiff Lea Hance.

45. Upon information and belief, on July 12, 2015, Plaintiff experienced bleeding to his back and green discharge that smelled of a foul odor. The charge nurse, Michael Ocasio, RN, was notified of Plaintiff's condition at that time.

46. Upon information and belief, from July 9, 2015, through July 12, 2015, Plaintiff Lea Hance expressed concerns to agents, officers and/or employees of Syracuse Veterans Affair Medical Center that it did not have the facilities and/or agents, officers and/or employees to properly treat Plaintiff James L. Hance.

47. Upon information and belief, on July 12, 2015, Plaintiff Lea Hance requested that Plaintiff James L. Hance be transferred to SUNY Upstate Burn Unit for proper care and treatment.

48. Upon information and belief, Plaintiff was transferred to SUNY Upstate Burn Unit on or about July 12, 2015, with the assistance of William Marx, D.O., Ibrahim Katerji, MD, and Nursing Supervisor Louise. Plaintiff remained at SUNY Upstate Burn Unit for further treatment and surgeries through July 24, 2015.

49. Upon information and belief, as a result of the negligence, carelessness and recklessness of agents, officers and/or employees of Syracuse Veterans Affair Medical Center, Plaintiff James L. Hance's original skin grafts failed, he developed infections to his burn sites, he was forced to undergo multiple excision, debridement and further skin grafts, autografting, xenografting, loss of range of motion in his hands, an Integra placement, additional surgical procedures, additional care and treatment, extensive scarring, extensive rehabilitation, loss of

motor skills, and otherwise caused to sustain significant conscious pain and suffering, severe mental anguish and distress, loss of enjoyment of life, depression, and the likelihood of additional surgical procedures in the future.

**AS AND FOR A FIRST, SEPARATE, AND DISTINCT CAUSE OF ACTION, AGAINST ALL DEFENDANTS PLAINTIFFS ALLEGE AS FOLLOWS:**

50. Plaintiff hereby repeats and realleges all of the allegations set forth above as if fully set forth herein.

51. Upon information and belief, the Defendant, by and through its agents, officers and/or employees, including Ibrahim Katerji, MD, Andreea Nitu-Marquise, MD, William Marx, DO, Christine Herb, FNP, Joanne M. Ford, RN, Michael A. Ocasio, RN, Julie A. Winland, RN, Mark Rienhardt, RN, Brandy L. Lazarus, RN, Tammie L. MacDaniels, RN, Dorin Laufer, SW, and Tony L. Pate, RN, negligently, carelessly and recklessly provided care and treatment to the Plaintiff James L. Hance from July 9, 2015, through July 12, 2015.

52. Upon information and belief, the severe and permanent injuries suffered by Plaintiff James L. Hance were the direct and proximate result of the carelessness, recklessness, negligence and improper care and treatment provided by the Defendant through its agents, officers and/or employees, including Ibrahim Katerji, MD, Andreea Nitu-Marquise, MD, William Marx, DO, Christine Herb, FNP, Joanne M. Ford, RN, Michael A. Ocasio, RN, Julie A. Winland, RN, Mark Rienhardt, RN, Brandy L. Lazarus, RN, Tammie L. MacDaniels, RN, Dorin Laufer, SW, and Tony L. Pate, RN, in that said Defendant held themselves out to be skilled and knowledgeable in the care and treatment of the Plaintiff James L. Hance; in that said Defendant held themselves out to be skilled and knowledgeable in the care and treatment of Plaintiff James L. Hance's burn injuries; in that said Defendant accepted and admitted Plaintiff James L. Hance despite not having trained

and/or educated agents, officers and/or employees to properly treat Plaintiff James L. Hance's burn injuries; in that said Defendant failed to train its agents, officers and/or employees on how to change dressings involving a burn injury and/or Plaintiff James L. Hance's burn injuries; in that said Defendant accepted and admitted Plaintiff James L. Hance despite not having proper medical supplies and/or a proper facility to properly treat Plaintiff James L. Hance's burn injuries; in that said Defendant failed to have proper facilities to provide proper care and treatment for Plaintiff James L. Hance's burn injuries; failed to properly treat Plaintiff James L. Hance's burn injuries; failed to develop a proper and/or adequate plan of treatment for Plaintiff James L. Hance's burn injuries; failed to follow the plan of treatment developed to provide proper care for Plaintiff James L. Hance's burn injuries; in that said Defendant advised and/or created a plan of treatment that involved Plaintiff James L. Hance showering; failed to have proper equipment and/or medical equipment and/or supplies to change dressings of a burn victim; failed at any time from July 9, 2015, through July 15, 2015, to order proper equipment and/or medical equipment to change dressings for a burn victim such as Plaintiff James L. Hance; failed to have proper pads and/or other supplies to properly treat and care for Plaintiff James L Hance's burn injuries; changing Plaintiff James L. Hance's dressings with "fluffies"; permitting and/or allowing and/or instructing Plaintiff James L. Hance to shower given his burn injuries and skin grafts; failed to administer proper medications so that Plaintiff James L. Hance would not be in significant pain when his dressings were changed; permitting and/or instructing Plaintiff Lea Hance to change Plaintiff James L Hance's dressings; permitting and/or instructing Plaintiff Lea Hance to change Plaintiff James L. Hance's dressings with "fluffies"; permitting taping of the dressings to open wounds; taping nonsterile pads and/or surgical tape directly to Plaintiff James L. Hance's wound and/or burn sites and/or newly grated skin; failed to daily change (or twice daily) Plaintiff James L.

Hance's dressings; said Defendant failed to transfer Plaintiff James L. Hance to another facility prior to July 12, 2015, that could better handle his care and treatment and/or could provide a higher level of care; failed to heed to the concerns expressed by Plaintiff Lea Hance about the ability for the Defendant to properly care and treat Plaintiff James L. Hance prior to July 12, 2015; failed to keep abreast of the medical literature concerning treatment of burn wounds and/or victims; and Defendant, by and through its agents, officers and/or employees, was otherwise medically negligent, reckless and careless in the care and treatment of Plaintiff James L. Hance's severe burn injuries.

53. As a direct and proximate result of the negligence, carelessness, and recklessness of the Defendant, by and through its agents, officers and/or employees, including Ibrahim Katerji, MD, Andreea Nitu-Marquise, MD, William Marx, DO, Christine Herb, FNP, Joanne M. Ford, RN, Michael A. Ocasio, RN, Julie A. Winland, RN, Mark Rienhardt, RN, Brandy L. Lazarus, RN, Tammie L. MacDaniels, RN, Dorin Laufer, SW, and Tony L. Pate, RN, Plaintiff James L. Hance's original skin grafts failed, he developed infections to his burn sites, he was forced to undergo multiple excision, debridement and further skin grafts, autografting, xenografting loss of range of motion in his hands, an Integra placement, additional surgical procedures, additional care and treatment, extensive scarring, extensive rehabilitation, loss of motor skills, and otherwise caused to sustain significant conscious pain and suffering, severe mental anguish and distress, loss of enjoyment of life, depression, and the likelihood of additional surgical procedures in the future.

54. As a direct and proximate result of the aforesaid, Plaintiffs hereby seek damages in the amount of $2,000,000.00 (TWO MILLION DOLLARS) for such injuries, including Plaintiff Lea Hance's injuries as set forth below.

13

**AS AND FOR A SECOND, SEPARATE,
AND DISTINCT CAUSE OF ACTION,
AGAINST ALL DEFENDANTS
PLAINTIFFS ALLEGE AS FOLLOWS:**

55.     Plaintiff hereby repeats and realleges all of the allegations set forth above as if fully set forth herein.

56.     At all time relevant, the Plaintiff Lea Hance, was lawfully married to the Plaintiff James L. Hance, and the two lived together as husband and wife at their marital residence.

57.     As a direct and proximate result of the negligence, carelessness and recklessness of the Defendant through its agents, officers and/or employees, including Ibrahim Katerji, MD, Andreea Nitu-Marquise, MD, William Marx, DO, Christine Herb, FNP, Joanne M. Ford, RN, Michael A. Ocasio, RN, Julie A. Winland, RN, Mark Rienhardt, RN, Brandy L. Lazarus, RN, Tammie L. MacDaniels, RN, Dorin Laufer, SW, and Tony L. Pate, RN, Plaintiff, Lea Hance, has been caused to sustain severe emotional distress and otherwise lose the love, compassion, consortium, and services of James L. Hance, and has otherwise been caused to provide certain care and treatment to Plaintiff James L. Hance which has directly impacted her own life, and as a result caused her to lose her enjoyment of life, and otherwise caused her to incur medical bills, and other such bills for the cost of his care all to her detriment.

58.     As a result, the Plaintiff Lea Hance hereby seeks judgment as against the Defendant in the amount of $2,000,000.00 (TWO MILLION DOLLARS) for such injuries.

**AS AND FOR A THIRD, SEPARATE,
AND DISTINCT CAUSE OF ACTION,
AGAINST ALL DEFENDANTS
PLAINTIFFS ALLEGE AS FOLLOWS:**

59.     Plaintiff hereby repeats and realleges all of the allegations set forth above as if fully set forth herein.

60. At all time relevant, the Plaintiff Lea Hance, was lawfully married to the Plaintiff James L. Hance, and as such, was an immediate family member of Plaintiff James L. Hance, and at all relevant times was within the "zone of danger" when she provided care and treatment to her husband from July 9, 2015, through July 12, 2015.

61. Upon information and belief, Plaintiff Lea Hance was directly involved in the care and treatment of her husband's burn injuries, including changing dressings, at the Syracuse Veterans Affairs Hospital from July 9, 2015 through July 12, 2015. Plaintiff Lea Hance witnessed her husband in excruciating pain, including screaming, shaking and sweating, when she changed his dressings; observed his back bleeding; saw green discharge coming from his back; and smelled a foul order from the green discharge.

62. As a result of the aforesaid negligent infliction of emotional distress, Plaintiff Lea Hance was caused to suffer injuries, including, but not limited to: severe shock; severe mental anguish and trauma; and physical manifestation of such severe shock and mental anguish; fright, nervousness; anxiety; discomfort; psychological injuries, and apprehension.

63. As a result of the aforesaid experiences, Plaintiff Lea Hance has been and continues to be deprived of the ordinary and usual enjoyments of life, health, family and recreation, and all of the same likely will continue in the future.

64. As a result, the Plaintiff Lea Hance hereby seeks judgment as against the Defendant in the amount of $2,000,000.00 (TWO MILLION DOLLARS) for such injuries.

**WHEREFORE,** Plaintiffs hereby demand judgment as against the Defendant, in a fair and reasonable amount of $2,000,000.00 (TWO MILLION DOLLARS) for the negligence, emotional distress, economic loss, and all other injuries and losses as set forth above, together with other such further relief as the Court may seem just and proper, together with interest from the date of

15

events alleged herein, attorney's fees, and costs and disbursements incurred in the prosecution of this action.

DATED: August 7, 2017

CHERUNDOLO LAW FIRM, PLLC

By: _____
Peter C. Papayanakos, Esq.
Bar Roll No.: 520079

*Attorneys for Plaintiff, James L. Hance and Lea Hance*
Office and Post Office Address
AXA Tower I, 17th Floor
100 Madison Street
Syracuse, New York 13202
Telephone (315) 449-9500

**FAX SERVICE NOT ACCEPTED**